Bruce D. Skaug (ISB# 3904)
SKAUG LAW PC
1226 East Karcher Road
Nampa, Idaho 83687
Telephone: (208) 466-0030
Facsimile: (208) 466-8903
bruce@skauglaw.com

F I L E D
JUN 1 2 2017
CANYON COUNTY CLERK
T. CRAWFORD, DEPUTY

Attorneys for Plaintiff, Joyce Jorgensen

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| JOYCE JORGENSEN, | Case No. CV-2016-2262-C  CV 2017-6362 |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| MUTUAL OF ENUMCLAW INSURANCE COMPANY, a Washington Corporation licensed to do business in Idaho, | FEE: $221.00 CATEGORY: A. |
| Defendants. | |

Joyce Jorgensen complains and alleges as follows:

1. Joyce Jorgensen is and was at all times herein a resident of Canyon County, State of Idaho.

2. Mutual of Enumclaw Insurance Company ("Mutual of Enumclaw") was and is an insurance company authorized to do and actually doing business in Idaho.

3. The court has jurisdiction over this case because Mutual of Enumclaw contracted to insure a person located within the State of Idaho or who was otherwise doing business in the State of Idaho.

4. The amount at issue far exceeds $10,000.00, the jurisdictional minimums for this court.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

5. On October 20, 2014, Joyce Jorgensen suffered injuries in an automobile collision caused by the negligence of Meghan Dickinson.

6. Meghan Dickinson was legally liable for the injuries to Joyce Jorgensen requiring that she compensate her for her general and special damages for personal injuries, her lost wages, her physical pain and suffering, her medical expenses, her future medical expenses, her loss of earnings in the future, her mental anguish and grief and loss of the enjoyment of life all in amounts that would be proven at trial.

7. Joyce Jorgensen was not negligent and had no fault for the collision.

8. At the time of the collision, Liberty Mutual Insurance insured Meghan Dickinson. Dickinson's contract of insurance with Liberty Mutual had liability limits of $25,000.00.

9. Joyce Jorgenson's damages resulting from the negligence of Dickinson exceed $25,000.00.

10. Liberty Mutual made a $25,000.00 "policy limits offer" to Joyce Jorgenson.

11. There existed at all relevant times a contract of insurance between Mutual of Enumclaw and Joyce Jorgensen which obligates Mutual of Enumclaw to: (1) compensate Joyce Jorgensen for damages caused by an underinsured motorist up to $300,000.00 ("The Underinsured Insurance Contract").

12. By letter of February 1, 2016, Joyce Jorgensen informed Mutual of Enumclaw of the offer and, as required by the terms of the underinsured insurance contract, sought permission to accept the $25,000.00 offer and sign a release provided by Liberty Mutual and/or Meghan Dickinson.

13. By letter dated April 28, 2016, Mutual of Enumclaw authorized Joyce Jorgensen to accept the $25,000.00 offered by Liberty Mutual, to sign their release and waive their $5,000.00 med pay subrogation claim.

14. On September 1, 2016, Joyce Jorgensen submitted a sufficient proof of loss to Mutual of Enumclaw under the terms of the underinsured insurance contract by submitting a detailed letter including her medical history and related records for its evaluation and payment of the amount justly due under the policy.

15. On December 5, 2016, an extension was granted by Joyce Jorgensen's counsel to Mutual of Enumclaw for addition time to respond to Joyce Jorgensen proof of loss until January 13, 2017.

16. On January 11, 2017, Mutual of Enumclaw paid Ms. Jorgensen a total of $31,000.00 in response to her claim for benefits on her Underinsured Motor Vehicle Contract.

17. On April 3, 2017 Joyce Jorgensen forwarded an Independent Medical Examination, completed by Dr. Craig Beaver, to Mutual of Enumclaw substantiating the severity of her injuries as a result of the October 20, 2014 collision.

18. Under the terms of the underinsured insurance contract, Joyce Jorgensen is entitled to compensation for damages caused by the underinsured motorist (Meghan Dickinson) up to $300,000.00.

18. Mutual of Enumclaw's failure and refusal to pay is not reasonably debatable, is not justified, is in bad faith and is in breach of its contract with Joyce.

19. Mutual of Enumclaw's failure and refusal to pay is a breach of its contract without reasonable justification.

20. Mutual of Enumclaw's failure and refusal to pay is a breach of its contract and made in bad faith.

21. Mutual of Enumclaw's failure and refusal to pay is a breach of its contract was not the result of a mistake.

22. Mutual of Enumclaw's failure and refusal to pay is a breach of the contract's covenant of good faith and fair dealing.

23. Joyce Jorgensen is entitled to pre-judgment interest on the amount justly due at the rate provided in Idaho Code 28-22-104.

24. The harm caused to Joyce Jorgensen is not fully compensable by contract damages.

25. Joyce Jorgensen has retained the law firm of Skaug Law, PC. to enforce her rights under the underinsured insurance contract and is entitled to an award of attorney fees and costs pursuant to Idaho Code section 41-1839 and Idaho Rule of Civil Procedure 54(e).

WHEREFORE, Joyce Jorgensen asks the Court to enter judgment against Mutual of Enumclaw for:

1. The amount justly due under her Underinsured Motorist Insurance Contract;
2. Consequential damages arising from the bad-faith failure to pay;
3. Damages for emotional distress arising from the bad-faith failure to pay;
4. Pre-judgment interest as required by law; and
5. Reasonable attorney fees and costs.

DATED this 7th day of June, 2017.

SKAUG LAW PC

By: *Bruce Skaug* (signature)
Bruce D. Skaug
Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 4